NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

§§ COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-6

BICKFORD'S FAMILY RESTAURANTS, INC.

vs.

WALTHAM VENTURES, LLC.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This case arises from a real estate contract dispute.  The plaintiff, Bickford's Family Restaurants, Inc., which operated a restaurant in Waltham, assigned the purchase option in its commercial lease[1] to the defendant, Waltham Ventures, LLC.  In addition to other consideration, the defendant agreed to a deferred payment[2] in the amount of $200,000, less credits, subject to conditions discussed infra.  Three years later, after an inquiry by the plaintiff regarding status of the deferred payment, the defendant stated its belief that, per the terms of the parties' written agreement (contract), it did not owe the

_____

[1] The original lease was between the plaintiff and an entity named DPS Waltham Development, LLC, which is not a party to this appeal.

[2] The deferred payment was, at times, referred to as a "kicker" payment.

deferred payment because it had refinanced a loan secured by the property without netting any funds in excess of the payoff balance. The plaintiff sued, seeking enforcement of the deferred payment clause and damages under G. L. c. 93A. A Superior Court judge granted summary judgment in favor of the plaintiff on the breach of contract claim and permitted the c. 93A claim to proceed to trial. After a bench trial, a different Superior Court judge found for the defendant on the c. 93A claim and ordered the plaintiff to pay fees and costs. Both parties cross-appealed. Discerning no error, we affirm.

Discussion. 1. Summary judgment. On appeal, the defendant argues that the motion judge should not have granted summary judgment to the plaintiff as to the breach of contract claim because (1) the language of the contract unambiguously supported the defendant's position and (2) summary judgment was inappropriate insofar as the judge had concluded that certain provisions of the contract conflict. We are not persuaded.

"Our review of a motion judge's decision on summary judgment is de novo, because we examine the same record and decide the same questions of law." G4S Tech. LLC v. Massachusetts Tech. Park Corp., 479 Mass. 721, 730 (2018), quoting Kiribati Seafood Co. v. Dechert LLP, 478 Mass. 111, 116 (2017). "The standard of review of a grant of summary judgment is whether, viewing the evidence in the light most favorable to

the nonmoving party, all material facts have been established and the moving party is entitled to judgment as a matter of law." G4S Tech. LLC, supra, quoting Casseus v. Eastern Bus Co., 478 Mass. 786, 792 (2018).

"A contract is a promise or a set of promises for the breach of which the law gives a remedy, or the performance of which the law in some way recognizes as a duty." Sea Breeze Estates, LLC v. Jarema, 94 Mass. App. Ct. 210, 215 (2018), quoting I & R Mechanical, Inc. v. Hazelton Mfg. Co., 62 Mass. App. Ct. 452, 454 (2004). "When contract language is unambiguous, it must be construed according to its plain meaning." Balles v. Babcock Power Inc., 476 Mass. 565, 571 (2017). "To determine whether the language at issue is ambiguous, we look both to the contested language and to the text of the contract as a whole." Id. at 572.

Here, we agree with the motion judge that the language of paragraph 22 of the contract unambiguously supports summary judgment in the plaintiff's favor. Paragraph 22 of the contract states in full:

> "Upon the earlier of (a) the third anniversary of the Closing, or (b) the occurrence of a Capital Transaction, Buyer shall pay Seller the Deferred Payment in the amount of Two Hundred Thousand Dollars ($200,000.00), less credits due to Buyer for (x) one-half (1/2) of the first six Non-refundable Option Payments made hereunder, and (y) any payments made by Buyer on account of Seller's failure to perform its obligations hereunder, including the Lease. As used herein, the term "Capital Transaction" shall mean the

3

Buyer's sale of all, or substantially all of its interest in the Property, either directly or [through] a transfer of a membership interest in Buyer or a financing transaction resulting in the recording of a mortgage or other security instrument against the Property after completion of the initial construction of the Project[], where such financing transaction pays Buyer a net amount of $1,000,000.00 or more over the payoff balance of the existing mortgage.  If the net amount received by Buyer is less th[a]n $1,000,000.00 then the Deferred Payment amount required to be paid at the time of the financing transaction shall be reduced proportionately by the ratio of net amount received by Buyer divided by $1,000,000.  This obligation shall survive the closing."

The plain language of this paragraph indicates that, given the parties' agreement that no sale of the property has occurred and that three years have passed since the defendant closed on the property, the defendant must show, at a minimum, a genuine issue of material fact regarding whether a new mortgage or security had been recorded against the property in order to avoid summary judgment on the claim of breach of contract.  See Sea Breeze Estates, LLC, 94 Mass. App. Ct. at 215.  It has failed to do so.  See id. at 216-218 (summary judgment appropriate where party fails to show genuine issue of material fact regarding contract terms).

Paragraph 22 defines a "capital transaction" as, inter alia, "a financing transaction resulting in the recording of a mortgage or other security instrument."  The undisputed record reflects that the defendant's April 10, 2014 agreement with RBS Citizens, N.A., titled "Amendment to Construction Mortgage,

4

Assignment of Leases and Security Agreement and Other Loan Documents," was an amendment of the existing mortgage between those parties, rather than a new mortgage. Indeed, the defendant concedes as much in its brief. Because the amendment did not result in the recording of a new mortgage or other security instrument, it was not a capital transaction as defined by paragraph 22. Therefore, the defendant's failure to generate any additional funds through the refinancing and amendment of its existing mortgage did not eliminate its obligation to make the deferred payment.

The defendant further argues that summary judgment was improper because the judge concluded that certain provisions of paragraph 22 in the contract conflict and there was a factual dispute as to the evidence necessary to harmonize that conflict. We are not convinced. See G4S Tech. LLC, 479 Mass. at 730. Assuming without deciding that any conflict in the plain meaning of the contract language exists, such a conflict only deals with the extent to which the payment would be reduced in the event that a capital transaction occurred.[3] The plain language of the contract, however, shows that a capital transaction did not occur, meaning that any reduction of payment in the event of such an occurrence is immaterial to the grant or denial of a

_____

[3] The defendant has not explicitly identified any other conflict in its brief before this panel.

5

motion for summary judgment. See Balles, 476 Mass. at 571. See also G4S Tech. LLC, 479 Mass. at 730.

2. Chapter 93A. On cross appeal, the plaintiff argues that the trial judge's findings do not support his decision to award judgment to the defendant on the c. 93A claim. We disagree.

"General Laws c. 93A, § 11, prohibits unfair or deceptive acts or practices among those engaged in trade or commerce." Diamond Crystal Brands, Inc. v. Backleaf, LLC, 60 Mass. App. Ct. 502, 506-507 (2004), citing Anthony's Pier Four, Inc. v. HBC Assocs., 411 Mass 451, 474 (1991). "Not every breach of contract constitutes a violation of G. L. c. 93A, but a knowing violation of contractual obligations for the purpose of securing unwarranted benefits does" (citation omitted). Diamond Crystal Brands, Inc., supra at 507. "Courts must consider whether the nature, purpose, and effect of the challenged conduct is coercive or extortionate." Id., citing Massachusetts Employers Ins. Exch. v. Propac-Mass, Inc., 420 Mass. 39, 42-43 (1995).

"The standard of review is well established. The findings of fact of the judge are accepted unless they are clearly erroneous. We review the judge's legal conclusions de novo" (citation omitted). T.W. Nickerson, Inc. v. Fleet Nat'l Bank, 456 Mass. 562, 569 (2010). "In an action alleging violations of G. L. c. 93A, 'whether a particular set of acts, in their

6

factual setting, is unfair or deceptive is a question of fact.'" H1 Lincoln, Inc. v. South Washington St., LLC, 489 Mass. 1, 13-14 (2022), quoting Casavant v. Norwegian Cruise Line Ltd., 460 Mass. 500, 503 (2011). "But whether conduct found to be unfair or deceptive 'rises to the level of a chapter 93A violation is a question of law.'" H1 Lincoln, Inc., supra at 14, quoting Baker v. Goldman, Sachs & Co., 771 F.3d 37, 49 (1st Cir. 2014).

Here, the plaintiff does not contest the trial judge's findings of fact. Instead, it argues that the facts found by the judge require a finding that the defendant's actions constituted a violation of c. 93A. We disagree. Admittedly, the trial judge was highly condemnatory of the defendant's conduct. He stated, among other things, that the defendant's manager had made "a significant error in understanding the contract," that the manager's position on the dispute was "extremely weak," that "[h]is interpretation of the contract was baseless," that his signing the contract while "not understanding a key provision" was "unreasonable" and that "[h]is refusal to pay was also unreasonable." The judge further found that "[t]hese unreasonable positions were adopted after [the manager] realized his error [in misunderstanding the agreement]." However, the trial judge explicitly rejected the plaintiff's request for findings that the manager's actions were "extortionate in intent and effect" and that the defendant

7

"simply did not want to pay [the plaintiff] and came up with an excuse to justify avoiding its contractual obligations." Furthermore, the judge found that the manager's "understanding of the contractual agreement was that he would not have to pay a 'kicker' or bonus to the plaintiff if it took him longer than three years to make a big profit," and that the manager "entered into a written contract contrary to what he thought he was agreeing to."

Taken together, these findings show that, while unreasonable, the defendant's behavior was the result of an honest disagreement about the terms of the contractual obligations. However incompetent, the defendant's conduct was nothing more than the product of genuine misunderstanding as to the meaning and effect of paragraph 22. Without more, we cannot conclude that the defendant's conduct constituted a violation of c. 93A. See Diamond Crystal Brands, Inc., 60 Mass. App. Ct. at 507.

3. Fees. Declining to reverse the trial judge's ruling with respect to the c. 93A claim, we further decline to vacate the attorney's fees awarded to the defendant for costs incurred in its defense of the plaintiff's c. 93A claim. Under paragraph 26 (d) of the contract, the "prevailing party" in any litigation arising under the agreement "shall be awarded its costs including reasonable attorney's fees." The defendant is the

8

"prevailing party" as to the c. 93A claim.[4],[5]  See Northern Assocs. v. Kiley, 57 Mass. App. Ct. 874, 880-881 (2003), quoting Bardon Trimount, Inc. v. Guyott, 49 Mass. App Ct. 764, 778-780 (2000) ("litigant in whose favor judgment enters is 'prevailing party'").  We decline to award attorney's fees to either party for costs associated with this appeal.

Judgment affirmed.

By the Court (Neyman,
  Desmond & Grant, JJ.[6]),

*Joseph F. Stanton*

Clerk

Entered:  May 24, 2023.

---

[4] We are unpersuaded by the plaintiff's argument that it is the prevailing party because it succeeded on the "ultimate issue" of the breach of contract claim.  The underlying suit consisted of two separate claims, breach of contract and violation of c. 93A, and the defendant prevailed on the latter claim.  See Northern Assocs., 57 Mass. App. Ct. at 880-881.

[5] We likewise reject the plaintiff's argument that the judge erred in finding that the c. 93A claim "arose from the terms of the agreement."  Where the plaintiff's complaint alleged that the defendant violated c. 93A by, inter alia, "refusing to tender the deferred payment," "ignoring the plain meaning of Paragraph 22 of the Assignment," and ultimately "engag[ing] in conduct in disregard of known contractual arrangements," we conclude that the c. 93A claim constitutes "any litigation arising under the terms of this Agreement" pursuant to paragraph 26 (d).  Contrast Hannon v. Original Gunite Aquatech Pools, Inc., 385 Mass. 813, 828 (1982) (contract provision entitled prevailing party to attorney's fees "in an action brought to determine or enforce rights under the contract").

[6] The panelists are listed in order of seniority.

9